# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00280-CR

**Judy Stailey, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. C-1-CR-16-500311, THE HONORABLE CHUCK MILLER, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellant filed her notice of appeal on April 26, 2017. Her brief was initially due 273 days ago, on July 7, 2017. On July 26, 2017, this Court sent a notice to appellant's counsel informing him that appellant's brief was overdue and advising him that a failure to file a satisfactory response by August 7, 2017, would result in a hearing before the trial court. Counsel responded to that notice with the first of three motions for extension of time. We granted the third extension by order and advised counsel that failure to comply with the order would result in referral of the case to the trial court for a hearing under Rule 38.8(b) of the Texas Rules of Appellate Procedure. Counsel failed to file the brief by the due date given in the order, which was November 10, 2018—126 days after it was originally due.

We abated the appeal on December 4, 2017, and remanded the cause to the trial court for a hearing under Rule 38.8(b) of the Texas Rules of Appellate Procedure. *See* Tex. R.

App. P. 38.8(b) (when appellant's brief is not timely filed, appellate court must order trial court to conduct hearing to determine whether appellant desires to prosecute his appeal and whether counsel has abandoned appeal). We ordered the trial court to make appropriate written findings and recommendations, and if necessary, to appoint substitute counsel who will effectively represent appellant in this appeal. We further ordered the trial court to order the appropriate supplemental clerk's and reporter's records—including all findings and orders—to be prepared and forwarded to this Court no later than January 5, 2018.

The trial court conducted the hearing on December 15, 2017. At that hearing, appellant stated she wished to pursue her appeal, and counsel blamed his delay on "illness and also, at times, the cases just pile up." He also stated, "I will take care of it as soon as I can, certainly by the end of the year, for the record."

This Court reinstated the case on January 26, 2018, after we received the reporter's record from the hearing. The Court sent appellant's counsel a letter informing him that the case had been reinstated and appellant's brief was due on or before February 26, 2018. On March 26, 2018, this Court sent a notice to appellant's counsel informing him that appellant's brief was overdue and requesting a response by April 5, 2018. Counsel responded with a fourth motion for extension of time, seeking an extension of the deadline to file appellant's brief to May 7, 2018—304 days past its original due date.

We grant the motion for extension in time in part. We order counsel to file appellant's brief no later than April 23, 2018. If the brief is not filed by that date, counsel may be required to show cause why he should not be held in contempt of court.

It is ordered on April 6, 2018.

Before Chief Justice Rose, Justices Goodwin and Field